# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-86-TS |
| | ) | |
| DARREN HARGRETT | ) | |
| | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Petition to Amend Order of Judgment and Conviction [DE 30], filed on October 26, 2009. The Government filed its Response [DE 31] on November 17. In his Petition, the Defendant asks the Court to amend its August 10, 2009, Judgment, in which it sentenced the Defendant to sixty months imprisonment. The Defendant states that at a subsequent sentencing in a state court, the state judge gave him credit for 190 days in the Allen County Jail, despite the fact that he had been in the Allen County Jail for 340 days. As a result, the Defendant asks the Court to apply the remaining 150 days to his federal sentence.

However, it is not within the Court's jurisdiction to provide the Defendant with such relief. Supreme Court precedent shows that the Attorney General, through the Bureau of Prisons (BOP) has the responsibility for imprisoning federal offenders and administering the sentence. *United States v. Wilson*, 503 U.S. 329, 331–35 (1992) (citing 18 U.S.C. § 3621(a)). It is the BOP, as opposed to the sentencing court, that must make a jail credit determination administratively when imprisoning a defendant. *Id.* at 335.

The primary reason that the BOP handles jail credit calculations is because events occurring after sentencing often affect jail credit. *Id.* This is precisely the situation in the instant case. Furthermore, the Court cannot find any support in Federal Rules of Criminal Procedure 35 or 36 to provide the Defendant the relief he seeks. The original judgment did not contain clear

error, nor is the Defendant asking the sentence to be reduced for substantial assistance. Nor did the judgment contain a clerical error. The Defendant may pursue his claim for additional jail credit time through the appropriate administrative procedure with the BOP.

For the reasons stated, the Defendant's Petition to Amend Order of Judgment and Conviction is DENIED.

SO ORDERED on December 23, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION